# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

TIMOTHY ALBERT HENRY,

    Petitioner,

v.

WARDEN ROBERT TOOLE,

    Respondent.

CIVIL ACTION NO.: 6:15-cv-47

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Timothy Henry ("Henry"), who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Emanuel County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 5, 6), and Henry filed an Objection to Respondent's Motion to Dismiss. (Doc. 9.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Henry's Section 2254 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** a Certificate of Appealability and **DENY** Henry *in forma pauperis* status on appeal.

## BACKGROUND

Henry was found guilty of two counts of aggravated child molestation, two counts of aggravated sodomy, and one count of child molestation, in violation of O.C.G.A. § 16-5-24, in the Emanuel County Superior Court on January 12, 2010. (Doc. 1, p. 3.) He was sentenced to two life sentences without parole to be served consecutively. (Id.) Henry filed a direct appeal, and the Georgia Court of Appeals affirmed his convictions and sentence on June 7, 2012. Henry

v. State, 729 S.E.2d 429 (Ga. Ct. App. 2012). Henry did not petition the Georgia Supreme Court for a writ of certiorari.

Henry filed a state habeas corpus petition in the Ware County, Georgia, Superior Court on May 28, 2013. (Doc. 7-1.) Henry asserted that he was denied effective assistance of counsel during his appeal. (Id. at p. 4.) Following an evidentiary hearing on September 19, 2013, the state habeas court denied relief on June 10, 2014. (Doc. 7-2.) The Georgia Supreme Court denied Henry's application for a certificate of probable cause to appeal the state habeas court's denial of relief on October 6, 2014. (Doc. 7-3.)

## DISCUSSION

Henry filed this federal petition for writ of habeas corpus on May 1, 2015. (Doc. 1.) Henry challenges his Emanuel County convictions on three grounds. First, Henry alleges that the Ware County, Georgia, Superior Court failed to review each of the ineffective assistance of counsel claims against Henry's appellate counsel. (Id. at p. 5.) Second, Henry alleges that his counsel was ineffective, and therefore his conviction was improper, because trial and appellate counsel failed to argue that the victim's failure to testify at trial violated Henry's Confrontation Clause rights. (Id.) Finally, Henry alleges that his conviction was improper because appellate counsel failed to argue that the search and seizure of Henry's laptop computer was illegal. (Id.)

Respondent avers Henry's petition was untimely filed and should therefore be dismissed. (Doc. 6.) Henry responds that the statute of limitations period applicable to his Section 2254 claim was tolled because the Georgia Court of Appeals lacked subject matter jurisdiction over his appeal. (Doc. 9, pp. 1–2.) The Court now addresses Respondent's assertion.

**I.     Whether Henry's Petition was Filed Timely**

To determine whether Henry's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Henry's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Henry was convicted in the Emanuel County Superior Court on January 12, 2010. (Doc. 1, p. 3.) The Georgia Court of Appeals affirmed his convictions and sentence on June 7, 2012. (Doc. 7-4.) Under Georgia Court of Appeals Rule 38, Henry had ten days from that decision in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court. Henry did neither. Therefore, his conviction became final ten days later, on June 18, 2012, as

June 17, 2012, fell on a Sunday.[1] Because Henry's conviction became final on June 18, 2012, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Henry's conviction became final on June 18, 2012. (Doc. 6-1, p. 4.) He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Henry filed his state habeas corpus petition on May 28, 2013—344 days after his conviction became final. (Doc. 7-1.) By that time, twenty-one days of the one-year filing period remained. The Ware

---

[1] In computing time expressed in days, the last day of that time period is included. If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

County, Georgia, Superior Court denied habeas relief on June 10, 2014. (Doc. 7-2.) Henry timely filed an application for certificate of probable cause to appeal, which the Georgia Supreme Court denied on October 6, 2014. (Doc. 7-3.) Petitioner then waited 198 days to submit his federal habeas petition on April 22, 2015. (Doc. 1.) Because this 198 day period surpassed the twenty-one day window remaining in which Henry could file a timely writ for habeas corpus, Henry's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Henry, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Henry arguably avers that he is entitled to equitable tolling of the statute of limitations. Henry contends that the Georgia Court of Appeals lacked subject matter jurisdiction over his appeal and, therefore, the Court should toll the statute of limitations as of the date the Georgia Court of Appeals entered judgment.[2] (Doc. 1, p. 14.) Henry's contention is without merit. The

---

[2] Henry erroneously cites Neal v. State, 722 S.E.2d 765 (Ga. 2012), for the proposition that the Georgia Supreme Court had exclusive jurisdiction over his appeal, because he was sentenced to life imprisonment.

5

Georgia Court of Appeals properly exercised jurisdiction over Henry's appeal. When Henry failed to appeal that ruling, his conviction became final on June 18, 2012, and the statute of limitations began to run. Accordingly, Henry is not entitled to equitable tolling. Consequently, Henry's Section 2254 Petition was filed untimely and is subject to dismissal.

## II.   Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Henry leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Henry has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v.</u>

---

To the contrary, <u>Neal</u> overruled <u>State v. Thornton</u>, 322 S.E.2d 711 (Ga. 1984), which held that the Georgia Court of Appeals must transfer to the Georgia Supreme Court all cases in which a sentence of death or life imprisonment has been imposed. Accordingly, the Georgia Supreme Court had general appellate jurisdiction over Henry's appeal—not exclusive jurisdiction. Furthermore, the cases cited by Henry apply only to murder convictions, and Henry was not convicted of murder.

6

Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal

would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 6), **DISMISS** Henry's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, (doc. 1), and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** a Certificate of Appealability and **DENY** Henry leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Henry and the Government.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of January, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA